STATE OF WEST VIRGINIA

SUPREME COURT OF APPEALS

FILED

March 24, 2016
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

MICHAEL ROBINSON,
Claimant Below, Petitioner

vs.)    No. 15-0395   (BOR Appeal No. 2049832)
                    (Claim No. 2014008927)

RICOH AMERICAS HOLDINGS, INC.,
Employer Below, Respondent


MEMORANDUM DECISION

Petitioner Michael Robinson, by Edwin Pancake, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Ricoh Americas Holdings, Inc., by Jillian Moore, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated April 1, 2015, in which the Board affirmed a September 11, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's October 4, 2013, decision rejecting Mr. Robinson's application for workers' compensation benefits because the injury did not occur in the course of and as a result of his employment. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Robinson alleges that he injured his left shoulder in the course of his employment as a senior technology specialist on August 26, 2013. On August 27, 2013, he presented at Charleston Area Medical Center's emergency department with complaints of substernal chest pain with a burning sensation that radiated into his left arm and shortness of breath. Mr. Robinson was subsequently admitted to the hospital and was diagnosed with accelerated hypertension, chest pain, and shortness of breath. A left shoulder MRI was performed on

1

September 7, 2013, amid Mr. Robinson's complaints of left shoulder pain, which revealed a full-thickness tear of the supraspinatus tendon.

On September 17, 2013, the claims administrator completed a First Report of Injury. Mr. Robinson's injury was listed as a chest sprain, and it was indicated that he injured himself while lifting equipment when he felt a sharp pain in his chest and a burning sensation in his left shoulder. Mr. Robinson authored an undated, typewritten document in which he stated that he experienced sharp chest pain and a burning sensation in his left shoulder and bicep, along with a sensation of heaviness in his left arm, after loading printer maintenance equipment into his vehicle. He stated that he drove himself to Charleston Area Medical Center's emergency department almost immediately for medical treatment. Mr. Robinson then stated that he noticed that he was unable to lift his left arm as he was being discharged from the hospital. Finally, Mr. Robinson indicated that he believes that he sustained the supraspinatus tear revealed via the September 7, 2013, MRI on August 26, 2013, but stated that he cannot identify any specific action that led to the tear of the supraspinatus tendon.

On October 4, 2013, the claims administrator rejected Mr. Robinson's application for workers' compensation benefits based upon a finding that he did not sustain an injury in the course of and resulting from his employment. On June 18, 2014, Mr. Robinson testified in a deposition in which he reiterated the statements made within his undated, typewritten statement.

In its Order affirming the October 4, 2014, claims administrator's decision, the Office of Judges held that Mr. Robinson has failed to demonstrate that he sustained a compensable injury. The Board of Review affirmed the reasoning and conclusions of the Office of Judges in its decision dated April 1, 2015. On appeal, Mr. Robinson asserts that the evidence of record demonstrates that he sustained a tear of the supraspinatus tendon in the course of and resulting from his employment.

The Office of Judges noted that when Mr. Robinson sought medical treatment in Charleston Area Medical Center's emergency department, his treatment notes do not mention an injury to his left arm. Further, the Office of Judges noted that Mr. Robinson's statements that he was unable to raise his left arm at the time of his discharge from the hospital are not documented in his medical record. Additionally, medical records from Mr. Robinson's family physician indicate that he was treated for pain in his neck, shoulders, and joints as recently as two weeks before the alleged date of injury. Finally, the Office of Judges determined that there is no medical evidence of record linking Mr. Robinson's left shoulder problem to a work-related injury. We agree with the reasoning and conclusions of the Office of Judges, as affirmed by the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: March 24, 2016**

**CONCURRED IN BY:**
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**
Chief Justice Menis E. Ketchum